# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1157 | **DATE** | September 20, 2011 |
| **CASE TITLE** | Lee vs. Northwestern University | | |

**DOCKET ENTRY TEXT**

Plaintiff's motion (Doc [101]) for leave to file amended complaint is granted. The Court allows Lee limited leeway to amend the complaint by adding the Section 1981 claims to the captions of Counts I and II within fourteen (14) days of the date of this Order. Status hearing set for 11/16/2011 to stand.

■[ For further details see text below.]

Docketing to mail notices.

# ORDER

This case comes before the Court on Plaintiff Frederick Lee's ("Lee") motion for leave to amend his complaint against Defendant Northwestern University (the "University") pursuant to Federal Rule of Civil Procedure 15(a). For the reasons stated below, the motion is granted.

On February 19, 2010, Lee filed a complaint against his former employer, the University, and subsequently amended the complaint twice. Lee's latest iteration of the complaint alleges several state law claims and claims for wrongful termination and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"). Lee now seeks leave to once again amend his complaint, solely by changing the captions to Counts I and II, to assert additional claims for wrongful termination and retaliation under 42 U.S.C. § 1981. Lee's counsel claims that he only recently learned of a 2008 Supreme Court case, *CBOCS West v. Humphries*, 553 U.S. 442 (2008), which permits Lee to assert retaliation claims under Section 1981.

"The court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts have wide discretion in deciding whether to grant leave to amend. *Johnson v. Cypress Hill*, 641 F.3d 867, 871-72 (7th Cir. 2011). The court may deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendant, or where the amendment would be futile. *Id.* Delay, alone, is insufficient reason to deny a proposed amendment. *George v. Kraft Foods Global, Inc.*, 641 F.3d 786, 791 (7th Cir. 2011) (explaining that delay must be coupled with some other reason, such as prejudice to the defendant).

The University argues that the Court should deny Lee's request because Lee unduly delayed seeking leave to amend and the amendment will prejudice the University. Even assuming that Lee unduly delayed seeking leave to amend, the University must demonstrate some accompanying prejudice. *See George*, 641 F.3d at 791. The

## ORDER

University maintains that the proposed amendment causes prejudice by increasing the University's potential liability. However, increased exposure to potential liability is an unavoidable result of an amendment and does not constitute "undue" prejudice. *Gregg Commc'ns Sys., Inc. v. Am. Tel. & Tel. Co.*, 98 F.R.D. 715, 721 (N.D. Ill. 1983); *Adair v. Hunt Int'l Res. Corp.*, 526 F. Supp. 736, 740 (N.D. Ill. 1981). The University also contends that it suffers prejudice because insurance may have covered the Section 1981 claims and such coverage may no longer be available. The University fails to definitively state whether that is the case and the Court cannot find prejudice based on unsupported speculations concerning insurance coverage. Additionally, the Court discerns no other identifiable prejudice. For example, while fact discovery closed on February 18, 2011, both parties agree that the amendment will not require any additional fact discovery because the Section 1981 claims rely on the exact same facts as the Title VII claims. Further, until the instant motion is resolved, the Court stayed briefing on Lee's recently filed summary judgment motion. Because the University cannot identify any prejudice accompanying Lee's delay, the Court allows Lee limited leeway to amend the complaint by adding the Section 1981 claims to the captions of Counts I and II within fourteen (14) days of the date of this Order.

Date:  September 20, 2011

**CHARLES P. KOCORAS**
**U.S. District Judge**